IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97cr22-4

| | |
|---|---|
| WILLIE JEROME MACKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on petitioner's second Motion to Modify Sentence Pursuant to 3582(c)(2) and the Retroactive Application of the Fair Sentencing Act. On October 17, 2012, this court entered its "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" (#578) denying petitioner's first Section 3582(c)(2) motion seeking relief under Amendment 750. In denying such relief, the court stated, as follows:

> The application of Amendment 750 provides no change in the guideline calculations in this case. Defendant received consecutive terms on the non-drug counts which add 840 months to his sentence.

Id. at 1. Petitioner appealed that Order, and on March 1, 2013, the Court of Appeals for the Fourth Circuit affirmed this court's disposition of that motion. United States v. Mackins, No. 12-7934 (4th Cir. March 1, 2013) (unpublished). As petitioner did not seek *certiorari* within the time allowed, such is a final disposition of petitioner's Section 3582(c)(2) motion.

-1-

Review of the instant motion reveals that petitioner again challenges the calculation of his sentence based on application of Amendment 750. He does not, however, mention anywhere in his motion that he has previously filed a nearly identical motion seeking relief under Amendment 750 and that such relief was denied. Further, petitioner does not distinguish how his instant motion differs from his first motion. While the doctrines of res judicata an collateral estoppel do not apply to motions seeking to alter or amend a judgment, <u>Arizona v. California</u>, 460 U.S. 605, 619 (1983) (finding that "res judicata and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment" (citation omitted)), where, as here, an issue has been determined by a court of competent jurisdiction, such determination is conclusive. <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979). Thus, the law of the case and the mandate rule counsel that petitioner's second Section 3582(c)(2) motion raising an issue already resolved by this court and affirmed on the merits by the appellate court , not be further considered.

> Because this mandate rule is merely a specific application of the law of the case doctrine, in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court. In addition, the rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court....

<u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993) (quotation marks and citations omitted).

As this court has determined that petitioner is not entitled to relief under Amendment 750, and it further appearing that such determination was affirmed by the Court of Appeals on the merits and that its Mandate has issued affirming such determination, consideration of petitioner's second motion under Section 3582(c)(2) asserting substantially the same claim for relief under Amendment 750 is barred by the doctrine of law of the case and the mandate rule.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's second Motion to Modify Sentence Pursuant to 3582(c)(2) and the Retroactive Application of the Fair Sentencing Act (#584) is **DENIED** as barred by the doctrine of law of the case and the mandate rule.

Signed: July 16, 2013

Max O. Cogburn Jr.
United States District Judge